Andrea Darrow Smith, Esq. (SBN: 265237)
andreadarrowsmith@gmail.com
Ryan S. Carrigan, Esq. (SBN: 279709)
rscarriganlaw@gmail.com
**Smith & Carrigan Law Group, P.C.**
7121 Magnolia Avenue, Suite E
Riverside, CA 92504
Tel: (951) 530-3297  Fax: (888) 821-0153
Attorneys for John Hershey

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| JOHN HERSHEY<br><br>                    Plaintiffs,<br><br>v.<br><br>LEGAL RECOVERY LAW OFFICES, INC.<br><br>                    Defendant. | Case No: 5:15-cv-302<br><br>**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692, ET SEQ. & CAL. CIV. CODE § 1788, ET SEQ.** |

### INTRODUCTION

1. This is an action arising from violations of the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Act ("Rosenthal Act"), and California tort claims for slander of title.

2. JOHN HERSHEY ("Plaintiff"), through Plaintiff's attorneys, brings this complaint to challenge the actions of LEGAL RECOVERY LAW OFFICES, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, to include contacting a consumer known to be represented by counsel.

___

**Complaint for Damages** — 1 of 6 —

3. Plaintiffs make the foregoing allegations based on their information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiffs' counsel, which Plaintiffs base on personal knowledge.

4. While many violations of the FDCPA and Rosenthal Act are described below with specificity, this Complaint alleges violations of both statutes cited in their entirety.

5. Any and all violations of the FDCPA by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonable adapted to avoid any such violations.

6. Any and all violations of the Rosenthal Act by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonable adapted to avoid any such violations.

**JURISDICTION AND VENUE**

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the California Rosenthal Act, Cal. Civ. Code. § 1788 et seq. ("Rosenthal Act"), and California tort law in its illegal efforts to collect a consumer debt from Plaintiff.

8. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant hereto, Defendant conducted business within the State of California, therefore personal jurisdiction is established.

**PARTIES**

11. Plaintiff is a natural person who resides in the City of Moreno Valley, County of Riverside, State of California.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiff allegedly owed a consumer debt to Arrow Financial Services, LLC ("the alleged debt").

15. Defendant is located in the City of San Diego, County of San Diego, State of California.
16. Defendant is a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
17. Defendant is also a debt collector as that term is defined by California Civil Code § 1788.2(c).
18. This Complaint arises from Defendant's attempts to collect a "consumer debt" from Plaintiff and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19. On or about December 11, 2006 Arrow Financial Services, LLC, represented by Defendant as legal counsel, filed a limited civil collections case against Plaintiff in Riverside Superior Court, case number HEC023614 (hereinafter "the alleged debt".)
20. The alleged debt was incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
21. The alleged debt is money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).
22. On or about November 9, 2007 Default was entered and Default Judgment rendered by the Riverside Superior Court in case number HEC023614.
23. Subsequently, on January 22, 2014 Plaintiff, through current counsel, filed a motion to quash service and vacate the default judgment in Riverside Superior Court case number HEC023614.
24. Plaintiff's counsel mailed the motion paperwork directly to Defendant and on or about January 22, 2014, the Riverside Superior Court updated the court docket to reflect Plaintiff as a represented party with current counsel as his attorneys.
25. On or about February 19, 2014 Defendant mailed motion opposition paperwork to Plaintiff's counsel's office in relation to the motion to quash service and vacate the default judgment in Riverside Superior Court case number HEC023614.

26. Despite being in possession of Plaintiff's counsel's information and mailing address, Defendant prepared a memorandum of costs after judgment and mailed this paperwork directly to Plaintiff on or about February 19, 2014 despite knowing Plaintiff was represented by counsel at that time.

27. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2) and the Rosenthal Act as it incorporates the FDCPA.

### CAUSES OF ACTION

### COUNT I: VIOLATION OF FDCPA

28. All other preceding paragraphs are incorporated herein by reference.

29. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

31. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II: VIOLATION OF THE ROSENTHAL ACT

32. All other preceding paragraphs are incorporated herein by reference.

33. Because Defendant's actions described herein violated certain portions of the federal Fair Debt Collection Practices Act, which are incorporated by reference in the Rosenthal Fair

Debt Collection Practices Act, through California Civil Code § 1788.17, Defendant's conduct also violated Cal. Civ. Code § 1788.17.[1]

34. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.[2]

///

---

[1] "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal." Cal. Code § 1788.17.

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include --

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts".

15 U.S.C. § 1692a(6)(A)-(B).

[2] "(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor; reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith." Cal. Civ. Code § 1788.30(a)-(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1788.30(c);

62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Smith & Carrigan Law Group, P.C.**

Date: February 19, 2015

By: s/ Andrea Darrow Smith
Andrea Darrow Smith, Esq.
Attorneys for Plaintiff